IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KELVIN BANKS, ALISON BEAVERS, )    CIVIL NO. 11-00798 LEK-KSC
DAVID "FLYING WITH EAGLES"     )
BEVETT, CHARLES W. DICKEY,      )
MARCEAU DOZE-GUILLORY, EDWARD )
MANIGAULT, TAMANEE MUNDY,        )
WANDA THOMAS, SYLVIA VEGA,      )
and CHINY WANG,                         )
                             )
       Plaintiffs,             )
                             )
   vs.                         )
                             )
JOHN McHUGH, SECRETARY          )
DEPARTMENT OF THE ARMY;         )
LEON E. PANETTA, SECRETARY,    )
DEPARTMENT OF DEFENSE,          )
                             )
       Defendants.             )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS AND TO SEVER PLAINTIFFS' CLAIMS**

       Before the Court is Defendants John McHugh, Secretary,

Department of the Army, and Leon E. Panetta, Secretary,

Department of Defense's ("Defendants"), Motion to Dismiss and to

Sever Plaintiffs' Claims ("Motion"), filed May 25, 2012.

Plaintiffs Kelvin Banks, Alison Beavers, David "Flying With

Eagles" Bevett, Charles W. Dickey, Marceau Doze-Guillory,

Edward Manigault, Tamanee Mundy, Wanda Thomas, Sylvia Vega, and

Chiny Wang (collectively, "Plaintiffs") filed their memorandum in

opposition on August 13, 2012, and Defendants filed their reply

on August 21, 2012.  This matter came on for hearing on

September 4, 2012.  Appearing on behalf of Defendants were

Special Assistant United States Attorney Paul Galindo, Assistant United States Attorney Thomas Helper, and appearing on behalf of Plaintiffs were Anthony Bothwell, Esq., and Anthony Quan, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below. The Motion is GRANTED as to: dismissal of constitutional claims, Plaintiff Manigault's claims, claims against Secretary of Defense Leon Panetta, and severance of Plaintiff Thomas's claims. The Motion is DENIED in all other respects.

## BACKGROUND

Plaintiffs are current and former employees of Tripler Army Medical Center ("Tripler"). They filed their Complaint on December 30, 2011, alleging that they suffered employment discrimination on account of race and color, and reprisal as a result of complaining about the discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. [Complaint at ¶¶ 3-4.] Defendants ask the Court to dismiss certain claims and parties, and to sever the ten Plaintiffs' cases into separate actions.

Count I alleges that Defendants discriminated against Plaintiffs and that this racial discrimination created a hostile work environment, and Count II alleges that Defendants retaliated

against Plaintiffs for complaining about unlawful discrimination, in violation of Title VII. Count III alleges a constitutional violation of Plaintiffs' right to equal protection, pursuant to the Fifth Amendment's Due Process Clause. [Id. at ¶¶ 104-112.] The Court briefly summarizes the claims of each plaintiff.

Plaintiff Banks worked as a civilian emergency medical technician in the Tripler emergency department under the supervision of Captain Kenneth Kelly, Major William Meek, Sergeant First Class Cory Montague, and Sergeant First Class Kimberly McCaughtry. He claims that he was racially harassed on a daily basis; that his supervisors made derogatory remarks about African Americans during departmental supervisor meetings; that he was charged with absence without leave ("AWOL") or leave without pay ("LWOP") when he requested sick leave; that, on May 31, 2008, he received an unjustified notice of proposed suspension; and that, in September of 2008, emergency room care was unreasonably delayed to him. [Id. at ¶¶ 28-33.]

Plaintiff Beavers worked as a civilian nurse in the emergency department under the supervision of Colonel Kenneth Batts, Captain Kelly, and Major Meek. She alleges that, on October 30, 2007, someone left a racially-charged letter in her locker, but that, when she reported the incident, no serious investigation took place; that she was verbally harassed; that she received an unwarranted notice of proposed suspension; that

she was transferred to an undesirable work shift; and that, on May 15, 2008, she was constructively discharged. [Id. at ¶¶ 34-39.]

Plaintiff Bevett, a retired Army medical officer, alleges that he applied in early 2011 for a civilian position at Tripler for which he claims he was qualified, but that he was denied a position; and, that he reported this incident to the Army Equal Employment Opportunity ("EEO") office, but no serious investigation resulted. [Id. at ¶¶ 40-45.]

Plaintiff Dickey worked as a nursing assistant in a surgical ward in 1985, then as a medical instrument technician in the cardiology department from 1995. His supervisors were Colonel Thomas Dove and Dr. Michael Illovsky. He claims that he suffered regular harassment and that his work environment was so racially hostile that he took early retirement on December 27, 2010; and that, in early 2011, he complained to the Army EEO office regarding the work conditions at Tripler, but no serious investigation resulted. [Id. at ¶¶ 46-54.]

Plaintiff Doze-Guillory was a civilian cardiac nurse in the cardiology department from January 2010, under the supervision of Captain Thelma Nichols. She alleges that two of her co-workers, Mary Burt and Cynthia Chung, called her a "beast"; and that Captain Nichols treated her rudely, withheld training opportunities, and issued her a performance evaluation

4

that was satisfactory except in the area of teamwork. [Id. at ¶¶ 56-66.]

Plaintiff Manigault was an active duty Army medical officer assigned to military operations in Iraq, Schofield Barracks in 2006, and to Tripler in 2008. Plaintiff Manigault alleges that Army doctors in Iraq did not invite him to military planning sessions, and sent him forward on military field operations. He claims that, in September 2008, Lieutenant Colonel Troy Denuzio, Chief of Tripler's Nefrology Service, accused him of being incompetent and unprofessional; that between October 2008 and August 2009, his medical privileges were suspended; that on February 7, 2010, he was not recommended for further military duty due to a lack of communication skills; and that he was discharged from military service after complaining of discrimination. [Id. at ¶¶ 67-73.]

Plaintiff Mundy is a disabled veteran who worked as a supervisory health system specialist in the emergency department under the supervision of Colonel Batts. She alleges that she suffered verbal abuse and retaliation and was unfairly charged AWOL. She claims that she was told that she would not have been hired if she had not "sounded white over the phone"; and was instructed to resign one day before she was scheduled to receive surgery, ordered to work a full-time schedule even though she had agreed to work only half-time on account of her disability, and

ordered to come into work even though she was in post-surgery convalescence. She claims to have received an unprecedented and unfavorable performance evaluation, and that she was fired on April 25, 2009. [Id. at ¶¶ 74-87.]

Plaintiff Thomas was a manager in charge of administrative staff, and worked under the supervision of Lieutenant Colonel David R. Petray. She alleges that she was subjected to a racially hostile work environment, denied overtime requests, issued an unjustified disciplinary counseling memorandum, had her hiring authority suspended, was denied legitimate workers compensation requests, demoted from Supervising Management Analyst to Management Analyst, and then fired without good cause. [Id. at ¶¶ 88-91.]

Plaintiff Vega worked under the supervision of Dr. Jay Gloeb and Maria Ballacuang. Plaintiff Vega alleges that she was accused of working overtime without permission, denied access to military family leave, charged AWOL despite making legitimate sick leave requests, and was suspended and fired on account of the AWOL for which she had been charged. [Id. at ¶¶ 92-95.]

Plaintiff Wang was a civilian doctor of pharmacy under the supervision of Captain Aparna Raizada and Captain Franklin. She alleges that she was insulted and demeaned, charged with AWOL despite making legitimate requests for sick leave, denied

6

training opportunities, and notified on December 28, 2010 that she was terminated. [Id. at ¶¶ 97-101.]

Plaintiffs seek $20,000,000 in compensatory damages, the removal of negative material from their personnel files, and disciplinary charges against their supervisors. [Id. at pg. 20.]

## I. **Defendants' Motion**

Defendants move the Court for an order:

1. Dismissing all plaintiffs' claims to the extent they do not arise under Title VII of the Civil Rights Act of 1964 pursuant to [Fed. R. Civ. P.] 12(b)(1) for lack of subject-matter jurisdiction;

2. Dismissing Plaintiff Edward Manigault's claims pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction;

3. Dismissing, with prejudice, all claims against Secretary of Defense Leon E. Panetta . . . , with prejudice, pursuant to [Fed. R. Civ. P.] 12(b)(6) for failure to state a claim upon which relief can be granted; and

4. Severing all remaining claims into separate actions for separate docketing and assignment pursuant to [Fed. R. Civ. P.] 20, 21, and 42(b), by directing Plaintiff Banks to file an amended complaint in this action; dismissing the remaining claims of Plaintiffs Beavers, Bevett, Dickey, Doze-Guillory, Mundy, Thomas, Vega, and Wang; and directing Plaintiffs Beavers, Bevett, Dickey, Doze-Guillory, Mundy, Thomas, Vega, and Wang to file separate individual complaints with the Clerk of the Court.

[Motion at 2.]

Defendants ask the Court to dismiss Plaintiffs' constitutional claims because Title VII provides the

exclusive, preemptive remedy in cases against the United States alleging discrimination or retaliation. They argue that Plaintiffs' claims are all based on allegations of unlawful discrimination or retaliation motivated by race or protected EEO activity. They argue that, because Plaintiffs' constitutional due process and equal protection claims are preempted by Title VII, the Court lacks subject matter jurisdiction over them, thereby requiring their dismissal. [Mem. in Supp. of Motion at 12-13.]

With respect to Plaintiff Manigault's claims, Defendants ask the Court to dismiss them for lack of subject matter jurisdiction because they concern military personnel decisions relating to his status as an active duty member of the United States Army. Such claims are non-justiciable in civilian courts, and Title VII does not apply to non-civilian military personnel. Defendants note that permitting such suits would impact the unique command and disciplinary structure of the military. [Id. at 13-14.]

Defendants ask the Court to dismiss Defense Secretary Panetta because, under Title VII, John McHugh, in his official capacity as Secretary of the Army, is the only proper defendant in this case. They argue that, in a Title VII case brought against the United States, "the only proper defendant is the head of the agency in which the alleged discrimination occurred."

[<u>Id.</u> at 15 (citing 42 U.S.C. § 2000e-16(c)).]

Finally, Defendants ask the Court to order Plaintiff Banks to file an Amended Complaint in this action, and to direct all remaining Plaintiffs to file separate, individual complaints. They argue that Plaintiffs do not satisfy the requirements to permit joinder of their claims under Rule 20(a)(1). According to Defendants, Plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences because of multiple factual distinctions. They argue that Plaintiffs' claims involve different supervisors, offenders, job roles and responsibilities, work histories, performance issues, conduct, employment actions, discipline, and time periods. They acknowledge that Plaintiffs Banks, Beavers, and Mundy, each worked at some point in Tripler's emergency department, but argue that the claims fail to meet the transactional relatedness requirement. [<u>Id.</u> at 18-21.]

Defendants assert that, even if Plaintiffs satisfy Rule 20(a), joinder of their claims in a single action is too prejudicial and confusing, and they should be severed into separate actions for docketing an assignment, pursuant to Rule 42(b). They argue that the numerous differences among supervisors, offenders, jobs, conduct, employment actions, and time periods "would likely be too confusing for a single jury to organize, and presents a significant danger that the jury would

simply apply the distinct facts of one plaintiff to each and
every other plaintiff." [<u>Id.</u> at 25.]

## II. <u>Plaintiffs' Memorandum in Opposition</u>

Plaintiffs oppose dismissal and severance of their
claims, arguing that severance is premature.  They contend that
Tripler has a "culture of racial discrimination" that is common
to all Plaintiffs, and a "culture of coverup – anyone who
complains about the discrimination going on there becomes a
target for career-wrecking reprisal."  [Mem. in Opp. at 1.]

With respect to their constitutional claims, Plaintiffs
argue that "racial discrimination claims asserted by uniformed
military personnel arise under the equal protection component of
Fifth Amendment due process."  [<u>Id.</u> at 3.]  They further argue
that, pursuant to <u>Chappell v. Wallace</u>, 42 U.S. 296 (1983), claims
for injunctive relief by discharged military personnel are
permissible.  [Mem. in Opp. at 3-4.]  Plaintiffs claim that a
court may review internal military affairs where intraservice
corrective measures are exhausted, and that Plaintiff Manigault
did exhaust intraservice corrective measures.  [<u>Id.</u> at 5.]

Plaintiffs argue that the Court has subject matter
jurisdiction to hear Plaintiff Manigault's claims because it is
not essential for each Plaintiff to be interested in obtaining
all the relief demanded; that is, the equitable nature of
Plaintiff Manigault's request for relief does not constitute

sufficient grounds for severing his claim.  Plaintiff Manigault

claims to have experienced racial discrimination "that was

endemic at Tripler" and is "entitled to assert his claim in

accord with the constitutional guarantee of equal protection of

the laws.  He is entitled to request equitable remedies."  [Id.

at 6.]  The nine other civilian Plaintiffs seeking relief

pursuant to Title VII "experienced the same racial discrimination

at Tripler but in the context of civilian employment practices."

[Id.]

        With respect to Secretary Panetta, Plaintiffs argue

that he is a proper defendant because the Department of Defense

("DOD") failed to provide an impartial investigation of the

administrative complaints filed by Plaintiff Manigault and the

civilian Plaintiffs.  They claim that the Department of Defense

Investigations Resolution Division ("DODIRD") is "the DOD

component which, under the regulations, is legally required to

conduct a 'complete and impartial' investigation of racial

discrimination complains made by civilian employees of the U.S.

Army."  [Id. at 7.]

        As to severance, Plaintiffs argue that their claims are

"logically related because the acts of discrimination and

reprisal they were all subjected to all flowed from general

policies and practices of the Army and DOD which affected them

all."  [Id. at 8.]  They contend that their claims are

inextricably intertwined because they "often either witnessed or had second-hand knowledge of each others' encounters with racial discrimination and retaliation at Tripler and were further traumatized thereby." [Id. at 9.] Plaintiffs argue that many of the Plaintiffs "knew each other personally, had the same first-or second-level supervisors, or had personal knowledge about each others' painful encounters with workplace race bigotry and reprisal." [Id.] Further, Plaintiffs state that "the suffering of each plaintiff was intensified by knowledge of the suffering of the others." [Id.]

With respect to Defendants' claim of jury confusion, Plaintiffs argue that there is no risk of confusion, but that severance would undermine judicial economy and cause "extreme undue prejudice to them. Every plaintiff in the present case will testify about the work environment hostile to nonwhites, hostility that permeated Tripler and affected every other plaintiff." [Id. at 16.]

Plaintiffs also argue that severance is premature at this point because they have alleged a possible basis to meet Rule 20(a) requirements and because there has been no discovery. They claim that "keeping parties joined allows for more efficient use of management and discovery. . . . Discovery has not even started that would elicit evidence proving whether or not the Army and DOD had an unwritten policy or general practice of

racial discrimination and reprisal." [Id. at 19.]

### III. **Defendants' Reply**

In their Reply, Defendants first argue that the Court
lacks subject matter jurisdiction over Plaintiffs' constitutional
claims, including any active-duty military claims by Plaintiff
Manigault.  Defendants argue that the out-of-circuit cases relied
upon by Plaintiffs are not persuasive, but that under Ninth
Circuit law, the Court does not have subject matter jurisdiction
over such claims.  [Reply at 1-2.]  Further, Plaintiffs identify
no "military policy, regulation, or directive as being facially
discriminatory." [Id. at 2.]  Rather, Defendants argue that
Plaintiff Manigault is challenging individualized military
personnel actions, and that he has not exhausted his
administrative relief with the Army Board for the Correction of
Military Records, sufficient to seek judicial review of a
military decision.  [Id. at 2-3.]

As to Secretary Panetta, Defendants first note that the
DODIRD is an investigative agency separate from the Army's chain
of command.  Second, they argue that whether DODIRD investigated
any of Plaintiffs' administrative complaints is not relevant
because the instant suit is a de novo proceeding.  [Id. at 8.]

Last, Defendants argue that delaying dismissal and
severance of Plaintiffs' claims would not be appropriate because
Plaintiffs' allegations are facially unrelated, and Plaintiffs do

not offer any feasible solution to mitigate the risk of prejudice and jury confusion.  [Id. at 17.]

**DISCUSSION**

I.   **Dismissal**

     A.   **Title VII Preemption**

          Defendants seek dismissal of the constitutional claims of the nine civilian Plaintiffs on the ground that they are preempted by Title VII.  Plaintiffs do not appear to contest this issue with respect to the civilian employees.

> Title VII is the exclusive judicial remedy for federal employees alleging employment discrimination.  See Brown v. General Serv. Admin., 425 U.S. 820, 825, 834, 96 S. Ct. 1961, 48 L. Ed. 2d 402 (1976) (holding that Title VII is the exclusive remedy for federal employees alleging racial discrimination in employment); White v. General Servs. Admin., 652 F.2d 913, 916-17 (9th Cir. 1981) (finding that Title VII precluded claims brought by a federal employee under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, among others); Nimi-Montalbo v. White, 243 F. Supp. 2d 1109, 1118 (D. Haw. 2003) (finding that Title VII provided the exclusive judicial remedy for the plaintiff's claims of employment discrimination against the Secretary of the Army).

Fowler v. United States Dep't of the Navy, Civ. No. 06-00294 DAE-BMK, 2007 WL 1106109, at *3 (D. Hawai'i Apr. 11, 2007).

          Here, Plaintiffs' claims are based on allegations of unlawful racial discrimination and retaliation, which are covered by Title VII.  Title VII, therefore, provides the exclusive judicial remedy for these civilian federal employee's

14

discrimination and retaliation claims. <u>White</u>, 652 F.2d at
916-17.

The Motion is GRANTED as to the constitutional claims
of the nine civilian Plaintiffs. The Court next addresses
Plaintiff Manigault's claims.

**B.** **Dismissal of Plaintiff Manigault's Claims**

Defendants ask the Court to dismiss the claims brought
by Plaintiff Manigault because he was active duty military
personnel. The Court first notes that Title VII does not cover
military personnel, therefore, Plaintiff Manigault fails to state
a Title VII claim. "The protection against employment
discrimination provided by Title VII applies to civilian
employees of the military, through 42 U.S.C. § 2000e-16(a).
Title VII does not protect military personnel." <u>Mier v. Owens</u>,
57 F.3d 747, 749 (9th Cir. 1995) (citing <u>Gonzalez v. Dept. of
Army</u>, 718 F.2d 926, 928 (9th Cir. 1983)); <u>see also</u> <u>Hodge v.
Dalton</u>, 107 F.3d 705, 709 (9th Cir. 1997) ("[I]n <u>Mier</u>, we
explicitly stated that although Title VII protects civilian
employees of the military from employment discrimination, it does
*not* protect military personnel.").

Defendants further argue that all of Plaintiff
Manigault's other claims are non-justiciable because they involve
decisions regarding his active-duty military status, or because
he has failed to exhaust his claims. The Court agrees, and notes

that courts generally decline to hear cases involving personnel actions related to the military's unique structure. Plaintiff Manigault's claims here appear to arise from his military service and are integrally related to the military's structure. They relate to his service while on duty as an Army medical officer in Iraq, his March 2006 assignment to Schofield Barracks, and his March 2009 assignment to Tripler. [Complaint at ¶¶ 68-73.] He alleges that his medical privileges were suspended in October 2008 and April 2009, and that he was discharged from service following a February 7, 2010 officer evaluation report. [Id. at ¶¶ 72-73.]

To the extent Plaintiffs argue that the Court has jurisdiction to hear facial challenges to the constitutionality of military policies, the Court notes that their Complaint does not set forth any identifiable military regulation or policy. Rather, the Complaint appears to challenge individual military personnel actions applied to Plaintiff Manigault.

Further, it does not appear the Plaintiff Manigault has exhausted his administrative remedies with respect to the portions of his constitutional claims involving Tripler. Plaintiff Manigault alleges that he "filed an Equal Opportunity complaint with the Department of Defense prior to his military discharge." [Complaint at ¶ 22.] At the hearing, counsel acknowledged Plaintiff Manigault's failure to go before the Army

Board for the Correction of Military Records ("ABCMR").[1]

> "Under the [Mindes v. Seaman, 453 F.2d 197
> (5th Cir. 1971),] test as modified by [the Ninth]
> Circuit, a person challenging a military decision
> generally must satisfy two threshold elements
> before a court can determine whether review of his
> claims is appropriate." Wenger v. Monroe, 282
> F.3d 1068, 1072 (9th Cir. 2002). "An internal
> military decision is unreviewable unless the
> plaintiff alleges (a) a violation of [a recognized
> constitutional right], a federal statute, or
> military regulations; and (b) exhaustion of
> available intraservice remedies." Id. (quoting
> Khalsa v. Weinberger, 779 F.2d 1393, 1398 (9th
> Cir. 1985)). If the plaintiff meets these two
> conditions, a court then weighs four factors to
> determine whether review is appropriate: (1) the
> nature and strength of the plaintiff's claim; (2)
> the potential injury to the plaintiff if review is
> denied; (3) the extent of interference with
> military functions; and (4) the extent to which
> military discretion or expertise is involved. Id.

Chen-Li Sung v. Gallagher, Civ. No. 11-00103 JMS/KSC, 2011 WL

4952617, at *5 (D. Hawai'i Oct. 17, 2011) (alterations in Sung).

The Court GRANTS the Motion as to Plaintiff Manigault's

_____

[1]

> The ABCMR is an administrative body established
> pursuant to 10 U.S.C. § 1552. It consists of
> civilians appointed by the Secretary of the Army.
> 32 C.F.R. § 581.3(c)(1). Among other duties, "it
> directs or recommends correction of military
> records to remove an error or injustice." 32
> C.F.R. § 581.3(c)(2)(f); see also 10 U.S.C.
> § 1552(a)(1) (allowing Secretary of a military
> department to "correct any military record . . .
> when the Secretary considers it necessary to
> correct an error or remove an injustice.").

Chen-Li Sung v. Gallagher, Civ. No. 11-00103 JMS/KSC, 2011 WL
4952617, at *6 (D. Hawai'i Oct. 17, 2011).

claims, which are hereby DISMISSED WITHOUT PREJUDICE.

C. **Dismissal of Claims Against Secretary Panetta**

Defendants seek the dismissal of all claims against Secretary Panetta pursuant to Fed. R. Civ. P 12(b)(6). Plaintiff argues that Secretary Panetta, as head of DOD, is a proper party based on DODIRD's alleged failure to investigate Plaintiffs' claims. The First Amended Complaint does not include any allegations regarding any DODIRD failure to investigate Plaintiffs' claims. Further, Plaintiffs provide no authority for their argument that DODIRD's alleged investigative failures constitute are actionable under Title VII, or how DODIRD qualifies as an employer within the scope of Title VII. Thus, there are no claims against the Department of Defense.

> Instead of suing the Department of the Army, [plaintiff] should have filed his complaint against the head of the Department of the Army, the Secretary of the Army. See 42 U.S.C. § 2000e-16(c) ("[a federal] employee . . . may file a civil action . . . in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant") (emphasis added). This circuit has held that failure to name the head of the department or agency in a Title VII action brought by a federal employee supports dismissal of the action. See Cooper v. U.S. Postal Service, 740 F.2d 714 (9th Cir. 1984), cert. denied, 471 U.S. 1022, 105 S. Ct. 2034, 85 L. Ed. 2d 316 (1985).

Miles v. Dep't of Army, 881 F.2d 777, 780 (9th Cir. 1989). Here, Plaintiffs' claims against the Army are properly alleged against Defendant McHugh, as Secretary, Department of the Army.

18

The Court GRANTS the Motion as to all claims against Secretary Panetta, which are hereby DISMISSED WITHOUT PREJUDICE.

## II. **Severance**

Defendants ask the Court, pursuant to Rules 20, 21 and 42(b), to direct Plaintiff Banks to file an amended complaint in the pending action, and to direct all remaining Plaintiffs to file separate, individual complaints.

Rule 20(a)(1) provides that:

(1) Plaintiffs.  Persons may join in one action as plaintiffs if:

>     (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

>     (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).  The Court first notes that the Ninth Circuit liberally construes Rule 20 as follows:

> The Ninth Circuit construes Rule 20 liberally "in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits."  See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (1977) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)); see also Am. Motorists Ins. Co. v. The Club at Hokuli'a, Inc., No. 10-199, 2010 WL 5389221, at *10 (D. Haw. Dec. 21, 2010).  "'Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'"  League, 558 F.2d at 917 (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218

(1966)).

E.E.O.C. v. Global Horizons, Inc., Civ. No. 11-00257 DAE-RLP, 2012 WL 928160, at *20 (D. Hawai'i Mar. 16, 2012).  With respect to employment discrimination cases, courts look to several factors.

> A summary of these cases indicates that in causes of action involving discrimination, Title VII or otherwise, courts look to whether the discrimination took place at roughly the same time, if it involved the same people, whether there is a relationship between the discriminatory action, whether the discriminatory action involved the same supervisor or occurred within the same department, and whether there is a geographic proximity between the discriminatory actions. . . .  On the other hand, . . . allegations of a common discriminatory policy or practice, or a company-wide policy of discrimination, could tilt the balance in favor of joinder despite those other factors which might favor severance.

Wynn v. Nat'l Broad. Co., 234 F. Supp. 2d 1067, 1087 (C.D. Cal. 2002) (quoting Byers v. Illinois State Police, No. 99–C8105, 2000 WL 1808558, at *4 (N.D. Ill. Dec. 6, 2000)).

With this liberal construction in mind, the Court finds that the majority of Plaintiffs' claims present common questions of law or fact, and that, at the present time, trial convenience favors joining Plaintiffs' common claims regarding a racially hostile work environment at Tripler from 2008 through 2011.  All claims relate to Plaintiffs' employment as medical officers, nurses, or technicians at Tripler during the same general time period.  Plaintiffs contend that each of them "will testify about

the work environment hostile to nonwhites, hostility that permeated Tripler and affected every other plaintiff." [Mem. in Opp. at 17.] Given the commonality of their overlapping claims, it is likely that the same witnesses and evidence will be relied upon at trial. This case is in its early stages, and the Court, in its discretion, declines to sever the claims of the individual Plaintiffs at the present time.

The Court finds, however, that Plaintiff Thomas's claims are outliers: she was a manager in charge of administrative staff, rather than a nurse or medical officer; and she alleges a hostile work environment in July 2004 and adverse employment actions from June through November of 2005, outside of the 2008 to 2011 time period common to the other Plaintiffs. [First Amended Compliant at ¶¶ 88-90.] Plaintiff Thomas's misjoinded claims shall be severed and allowed to proceed separately, rather than dismissed.

The Motion is hereby GRANTED IN PART as to Plaintiff Thomas. The Motion is hereby DENIED WITHOUT PREJUDICE as to Defendants' request for severance of the remaining Plaintiffs' claims.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Dismiss to and to Sever Plaintiffs' Claims, filed May 25, 2012, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is

GRANTED as to dismissal of all Plaintiffs' constitutional claims, all claims filed by Plaintiff Manigault, all claims against Secretary Panetta, and as to severance of Plaintiff Thomas's claims. The Motion is DENIED WITHOUT PREJUDICE in all other respects.

Based on its finding of improper joinder of Plaintiff Thomas's claims, the Court severs those claims from this action and directs the Clerk of Court to assign Plaintiff Thomas's claims a separate case number. The Clerk is further directed to file a copy of the Complaint and a copy of this order in each new action. The scheduling order in this case [dkt. no. 32] will govern all actions until otherwise ordered by the Court. All future pleadings shall be filed in the appropriate action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 28, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**KELVIN BANKS, ET AL. V. JOHN MCHUGH, ETC., ET AL; CIVIL NO. 11-00798 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND TO SEVER PLAINTIFFS' CLAIMS**