IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KELVIN BANKS, ALISON BEAVERS, )     CIVIL NO. 11-00798 LEK-KSC
DAVID "FLYING WITH EAGLES"     )
BEVETT, CHARLES W. DICKEY,      )
MARCEAU DOZE-GUILLORY, EDWARD )
MANIGAULT, TAMANEE MUNDY,       )
WANDA THOMAS, SYLVIA VEGA,      )
and CHINY WANG,                 )
                                )
          Plaintiffs,           )
                                )
     vs.                        )
                                )
JOHN McHUGH, SECRETARY          )
DEPARTMENT OF THE ARMY;         )
LEON E. PANETTA, SECRETARY,     )
DEPARTMENT OF DEFENSE,          )
                                )
          Defendants.           )
_____ )


**ORDER STRIKING PLAINTIFF ALISON BEAVERS' POINT-BY-POINT RESPONSE
TO DEFENDANT'S STATEMENT IN SUPPORT OF SUMMARY JUDGMENT, HER
REBUTTAL TO CONCISE STATEMENT OF MATERIAL FACTS, AND THE EXHIBITS
REFERRED TO IN THE DECLARATION OF ANTHONY P.X. BOTHWELL**

          On March 13, 2014, Defendant Secretary of the Army

John M. McHugh ("Defendant") filed his Motion for Dismissal or

Summary Judgment on Plaintiff Alison Beavers' Claims ("Motion").

[Dkt. no. 58.]  He also filed his Concise Statement in Support of

Defendant's Motion for Dismissal or Summary Judgment of Plaintiff

Alison Beavers' Claim ("Defendant's CSOF") with the Declaration

of Annette Perry ("Perry Declaration"); Exhibits 1-26, attached

to the Perry Declaration; and Certification of Counsel, attesting

that Defendant's CSOF complied with the requirement that it be

under 1500 words.  [Dkt. nos. 59.]  On May 29, 2014, Plaintiff

Beavers ("Beavers") filed her memorandum in opposition. [Dkt. no. 95.]

To properly dispute a moving party's statement of facts, the non-moving party must "file and serve with his or her opposing papers a separate document containing a single concise statement that . . . disputes the facts set forth in the moving party's concise statement[.]" Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules") LR56.1(b).

As with the original concise statement, each fact must "contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact[.]" Local Rule LR56.1(c). Failure to file and serve such a document results in admission of the moving party's statement in its entirety. See Local Rule LR56.1(g) ("For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a **separate** concise statement of the opposing party." (emphasis added)). Further, to raise its own disputed facts, a non-moving party must include in its separate concise statement "all material facts as to which it is contended there exists a genuine issue necessary to be litigated." Local Rule LR56.1(b).

With her memorandum in opposition, Beavers did not offer her own separate concise statement of facts. Instead, she included a Point-By-Point Response to Defendant's Statement in Support of Summary Judgment Motion ("Point-By-Point Response") and a Rebuttal to Concise Statement of Material Facts ("Rebuttal CSOF"). [Dkt. nos. 95-1, 95-3.] Both documents are enumerated and appear to either admit or deny each of the facts in Defendant's CSOF. However, even in purportedly denying Defendant's CSOF, they do not cite to any "particular affidavit, deposition, or other document." See Local Rule LR56.1(c). They simply give Beavers's own interpretation of Defendant's facts, without citation.

Beavers also includes in her memorandum in opposition a section titled, "Plaintiff's Concise Statement of Material Facts" ("Beavers CSOF Section"). [Mem. in Opp. at 2-8.] This section cites to exhibits attached to a declaration by her counsel ("Beavers Exhibits"). [Id., Decl. of Anthony P.X. Bothwell ("Bothwell Decl.") (dkt. no. 95-2).] It is not clear, however, what exactly these facts respond to or their purported effect on Defendant's CSOF.

Since Beavers has failed to file a separate, concise statement with citations to evidence, as required by Local Rule 56.1(b) and (c), and has failed to certify that the Point-By-Point Response, the Rebuttal CSOF, and the Beavers CSOF Section,

individually or together, are under the maximum 1500 words, the Court HEREBY STRIKES the Point-By-Point Response, the Rebuttal CSOF, and the Beavers Exhibits.  [Dkt. nos. 95-1, 95-3 to 95-17.] The Court will not consider any of the facts put forth in these documents in its pending order on the Motion, and FINDS that the material facts set forth in Defendant's CSOF are DEEMED admitted. See Local Rule LR56.1.  Further, the Court will not consider the facts in the Beavers CSOF Section, insofar as they rely on the Beavers Exhibits, which have been stricken.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 19, 2014.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KELVIN BANKS, ET AL. VS. JOHN M. MCHUGH, ET AL.; CIVIL NO. 11-00798 LEK-KSC; ORDER STRIKING PLAINTIFF ALISON BEAVERS' POINT-BY-POINT RESPONSE TO DEFENDANT'S STATEMENT IN SUPPORT OF SUMMARY JUDGMENT, HER REBUTTAL TO CONCISE STATEMENT OF MATERIAL FACTS, AND THE EXHIBITS REFERRED TO IN THE DECLARATION OF ANTHONY P.X. BOTHWELL**