IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELVIN BANKS, ALISON BEAVERS, DAVID "FLYING WITH EAGLES" BEVETT, CHARLES W. DICKEY, MARCEAU DOZE-GUILLORY, EDWARD MANIGAULT, TAMANEE MUNDY, WANDA THOMAS, SYLVIA VEGA, and CHINY WANG,<br><br>      Plaintiffs,<br><br>   vs.<br><br>JOHN McHUGH, SECRETARY DEPARTMENT OF THE ARMY; LEON E. PANETTA, SECRETARY, DEPARTMENT OF DEFENSE,<br><br>      Defendants. | CIVIL NO. 11-00798 LEK-KSC |

**ORDER DENYING MOTION FOR RECONSIDERATION OF**
**SUMMARY JUDGMENT ON THE CLAIMS OF ALISON BEAVERS**

On June 30, 2014, this Court issued its Order Granting Defendant's Motion for Dismissal or Summary Judgment on Plaintiff Alison Beavers' Claims ("6/30/14 Order").[1] [Dkt. no. 112.[2]] On July 14, 2014, Plaintiff Alison Beavers ("Beavers") filed her Motion for Reconsideration of Summary Judgment on the Claims of Alison Beavers ("Motion for Reconsideration"). [Dkt. no. 116.] The Court issued its summary ruling denying the Motion for

---

[1] Defendant John McHugh, Secretary, Department of the Army, ("Defendant") filed his Motion for Dismissal or Summary Judgment on Plaintiff Alison Beavers' Claims ("Summary Judgment Motion") on March 13, 2014. [Dkt. no. 58.]

[2] The 6/30/14 Order is also available at 2014 WL 2932479.

Reconsideration on July 18, 2014. [Dkt. no. 118.] The instant order is this Court's decision on the Motion for Reconsideration, and this order supercedes the July 18, 2014 summary ruling.

After careful consideration of the Motion for Reconsideration, the supporting memorandum, and the relevant legal authority, the Court HEREBY DENIES the Motion for Reconsideration for the reasons set forth below.

### BACKGROUND

In the 6/30/14 Order, this Court, *inter alia*:

- concluded that Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-1, *et seq*., and not international law, governs federal employment discrimination cases in the United States; 2014 WL 2932479, at *5 n.8;

- questioned whether there is a futility exception to Title VII's exhaustion requirement and found that, even if there is such an exception, Beavers's evidence was insufficient to create a genuine issue of material fact; id. at *3-4;

- granted the Summary Judgment Motion as to all claims except the wrongful suspension claim because there was no genuine issue of material fact as to whether Beavers had exhausted her administrative remedies under Title VII; id. at *2-4;

- found that, even if she had exhausted her administrative remedies, Beavers had not set forth sufficient evidence to make a prima facie case that she was discriminated against or retaliated against by Defendant within the meaning of Title VII; id. at *4-10; and

- granted the Summary Judgment Motion as to Beavers's wrongful suspension because claim there was no genuine issue of material fact as to whether the notice was discriminatory, id. at *4-7.

In the instant Motion for Reconsideration, Beavers argues that the first ruling is erroneous and the second ruling

2

should be reversed due to newly discovered evidence.  Beavers does not dispute the last three rulings.

**STANDARD**

In order to obtain reconsideration of the 6/30/14 Order, Beavers's Motion for Reconsideration "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (citation and internal quotation marks omitted).  This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice."  Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawai`i May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).

**DISCUSSION**

Regarding this Court's conclusion that Title VII, and not international law, governs Beavers's claims, Beavers now argues that the "United States has a legal obligation, before the

3

community of nations, to interpret Title VII and other applicable domestic law consistently with the Convention." [Mem. in Supp. of Motion for Reconsideration at 7.] Other than a citation to a very general provision in the International Convention on the Elimination of All Forms of Racial Discrimination ("the Convention"), however, Beavers does not provide any support for the argument that the Court's decision is inconsistent with the Convention. [Id. at 7-8.] Nor does she cite to any statute or case law, other than the Supremacy Clause of the United States Constitution, for the proposition that this Court should apply the Convention in Title VII cases.[3] [Id.] Thus, she does not provide either facts or law of a "strongly convincing nature to induce the Court to reverse its prior decision" regarding the application of international law, see Davis, 2014 WL 2468348, at *2, and the Court therefore DENIES the Motion for Reconsideration as to Beavers's international law argument.

In support of her argument that exhaustion of Title VII remedies would have been futile, Beavers cites to two cases and one piece of "newly discovered evidence." [Mem. in Supp. of Motion for Reconsideration at 3-6.] Taken individually or together, this support does not strongly convince the Court to reverse the 6/30/14 Order. See Davis, 2014 WL 2468348, at *2.

---

[3] Further, it is respectfully pointed out that this same argument was rejected in the 6/30/14 Order. 2014 WL 2932479, at *5, n.8.

4

First, neither of Beavers's cases persuade the Court that a futility exception to the Title VII exhaustion requirement exists, in particular, because neither of the two cases are Title VII cases or address Title VII at all. See Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000) (medicare claim case); Hixon v. Nev. Dep't of Corr., 411 F. App'x 71, 72 (9th Cir. 2011) (prisoner grievance case). In light of the case law in the 6/30/14 Order, 2014 WL 2932479, at *3 (quoting You v. Longs Drugs Stores Cal., LLC, 937 F. Supp. 2d 1237, 1250–51 (D. Hawai'i 2013), and Beavers's failure to cite to any law clearly showing that the exception does exist, the Court concludes that it did not err in questioning the existence of the futility exception.

Second, the Court reasoned in the 6/30/14 Order that, even if a futility exception did exist, Beavers's showing of futility did not create a genuine issue of material fact as to whether exhaustion would have been "clearly useless." Id. at *4 (citing Taylor v. Def. Fin. & Accounting Serv., No. CIV. 2:12-2466 WBS DAD, 2014 WL 28820, at *6 (E.D. Cal. Jan. 2, 2014) (applying futility standard from Privacy Act request context)). Beavers offers two pieces of evidence in support of the futility defense: (1) a statement by Louis Obdyke, a purported longtime investigator from the Department of Defense Investigations and Resolutions Division that, in his experience with Equal

Employment Opportunity Commission ("EEOC") cases, "the employee prevailed in only 2 percent to 5 percent of the cases[;]" [Mem. in Supp. of Motion for Reconsideration, Decl. of Anthony P.X. Bothwell at ¶¶ 4-5;] and (2) a statement by Patrick Matarazzo, an EEOC manager, that the EEOC District "dismisses 80 percent" of all of his cases [id. at ¶¶ 6-8]. Beavers's counsel attests to both of these statements, but Beavers does not provide sworn declarations from either Mr. Obdyke or Mr. Matarazzo. The Court already considered Mr. Matarazzo's statement in the 6/30/14 Order, 2014 WL 2932479, at *4, and does not find that the additional statement of Mr. Obdyke, is sufficient to raise a genuine issue of material fact as to bias. Thus, the Court will not disturb its conclusion regarding futility in the 6/30/14 Order, and it DENIES the Motion for Reconsideration, as to the futility argument.

Thus, the Court concludes there is no basis to reconsider the 6/30/14 Order as to its findings and conclusions regarding international law and futility, and the Court DENIES the Motion for Reconsideration.[4]

---

[4] The Court also notes that, in the 6/30/14 Order, it provided detailed analysis of Beavers's substantive Title VII claims and concluded that, even if she had exhausted her administrative remedies, summary judgment on all of Beavers's claims was warranted. 2014 WL 2932479, at *4-10. Thus, even if the Court did find that the 6/30/14 Order should be reconsidered on the grounds Beavers argues, the outcome of Defendant's Summary Judgment Motion would not be changed.

**CONCLUSION**

On the basis of the foregoing, Beavers's Motion for Reconsideration of Summary Judgment on the Claims of Alison Beavers, filed July 14, 2014, is HEREBY DENIED in its entirety.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 31, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KELVIN BANKS, ET AL. VS. JOHN MCHUGH, ET AL; CIVIL 11-00798 LEK-KSC; ORDER DENYING MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ON THE CLAIMS OF ALISON BEAVERS**